In re Steven TELSEY, Debtor.

**SECURITIES AND EXCHANGE COMMISSION, Plaintiff,**

v.

**Steven TELSEY, Defendant.**

**Bankruptcy No. 91–23228–BKC–AJC. Adv. No. 91–1175–BKC–AJC–A.**

United States Bankruptcy Court, S.D. Florida.

Sept. 9, 1992.

---

Roy D. Beren, S.E.C., New York City, for plaintiff.

Michael A. Frank, N. Miami, Fla., for debtor.

## ORDER DETERMINING DEBT TO S.E.C. TO BE NON-DISCHARGEABLE

A. JAY CRISTOL, Bankruptcy Judge.

THIS CAUSE came before the Court on April 27, 1992. Upon agreement of the parties, this matter was decided without a trial, based upon the parties' written submissions, including their appended exhibits, and the record as a whole.

*Facts*

In February of 1972, the Securities and Exchange Commission (S.E.C.) barred Steven Telsey from associating with any broker, dealer, registered investment adviser or registered investment company. In March 1991, the United States District Court for the Southern District of New York found Steven Telsey (Telsey) to be in violation of the foregoing S.E.C. order by having "willfully associated" with the types of brokers and dealers from whom the S.E.C. barred him from associating.[1] The district court ordered, *inter alia*, that Telsey "disgorge to the United States Treasury the sum of $560,806.96 (as of March 15, 1991), being the sums received by him ..." as a result of his associations in violation of the S.E.C. order.

On September 9, 1991, Telsey filed a petition under Chapter 7 of the Bankruptcy Code. The S.E.C. thereafter timely filed this Complaint seeking to except the debt owing to it from discharge. The S.E.C. contends that its debt arising from the District Court order is excepted from discharge pursuant to 11 U.S.C. § 523(a)(2) & (7) which provide:

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

(2) for money, property, services ... to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud ...;

\* \* \* \* \* \*

(7) to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss ...

With regard to the S.E.C.'s argument that its debt is excepted from discharge pursuant to § 523(a)(7), the parties agree that the debt is "payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss...."[2] Therefore, the issue remaining

1. The district court further determined that Telsey was conscious of his wrongdoing as evidenced by his attempts to conceal commissions earned in violation of the S.E.C. order.

2. In Telsey's memorandum filed April 3, 1992, at page one, he states "[t]here is no dispute that the Judgment is to and for a governmental unit

is whether this debt is a "fine, penalty, or forfeiture" within the meaning of § 523(a)(7).

## Conclusion

■ With regard to the plain language of § 523(a)(7), the Supreme Court has stated that it creates a "broad exception for all penal sanctions...." *Kelly v. Robinson,* 479 U.S. 36, 51, 107 S.Ct. 353, 362, 93 L.Ed.2d 216 (1986). *See also Pennsylvania Dep't of Public Welfare v. Davenport,* 495 U.S. 552, 561, 563, 110 S.Ct. 2126, 2133, 109 L.Ed.2d 588 (1990) (reaffirming this interpretation of § 523(a)(7)). In *Kelly,* the Supreme Court held restitution orders sufficiently penal to fall within the meaning of § 523(a)(7). *Kelly,* 479 U.S. at 53, 107 S.Ct. at 362–63. *See also Davenport* 495 U.S. at 558, 110 S.Ct. at 2130 ("In *Kelly,* the Court decided that restitution orders fall within 11 USC § 523(a)(7) ..."); and *U.S. v. Vetter,* 895 F.2d 456, 459 (8th Cir.1990). The United States Court of Appeals for the Eleventh Circuit clarified the holding in *Kelly,* stating that "[s]ection 523(a)(7) will not apply to restitution that is *solely* designed to compensate the victim." *In re Car Renovators,* 946 F.2d 780, 783 n. 6 (11th Cir.1991) (emphasis added). Thus, in accord with *Kelly* and its progeny, and the Eleventh Circuit, it is apparent that the slightest penal purpose behind the imposition of a restitution order will justify characterizing the debt as a "fine, penalty, or forfeiture" within the meaning of § 523(a)(7).

■ The district court's disgorgement order in this case serves the purpose of deterrence. *See, e.g., S.E.C. v. First City Financial Corp.,* 890 F.2d 1215, 1230 (D.C.Cir.1989); *Rowe v. Maremont Corp.,* 850 F.2d 1226, 1241 (7th Cir.1988); *S.E.C.*

*v. Blatt,* 583 F.2d 1325, 1335 (5th Cir.1978); *S.E.C. v. Blavin,* 760 F.2d 706, 713 (6th Cir.1985); *S.E.C. v. Manor Nursing Centers,* 458 F.2d 1082, 1104 (2nd Cir.1972). This Court finds the deterrence purpose of the disgorgement order sufficiently penal to characterize the resulting debt as a "fine, penalty, or forfeiture" within the meaning of § 523(a)(7).[3] In reference to § 523(a)(7), the Supreme Court has stated that "[i]n expounding on a statute, we must not be guided by a single sentence or member of a sentence, but look to the provisions of the whole law, and to its object and policy." *Kelly,* 479 U.S. at 43, 107 S.Ct. at 357–58. This Court's holding comports with its sense of equity, the object and policy of § 523(a)(7), and case law.[4] In this instance, Telsey is not an "honest but unfortunate debtor" entitled to a discharge. *Grogan v. Garner,* — U.S. —, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991) (quoting *Local Loan Co. v. Hunt,* 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L.Ed. 1230 (1934)).

The analysis of the S.E.C.'s alternative theory of nondischargeability pursuant to 11 U.S.C. § 523(a)(2)(A) is, thus, unnecessary. Moreover, the Debtor's request for attorney's fees pursuant to 11 U.S.C. § 523(d) is denied inasmuch as the debt has not been discharged. It is, accordingly,

ORDERED that the debt of Steven Telsey owing to the Securities and Exchange Commission and payable to the United States Treasury is declared to be NONDISCHARGEABLE.

DONE AND ORDERED.

---

and is not compensation for actual pecuniary loss."

3. The parties argue, primarily, over whether the disgorgement order is a "forfeiture" within the meaning of § 523(a)(7). This Court will avoid distinguishing between a "fine", "penalty" and "forfeiture", for purposes of § 523(a)(7), as "[t]he terms ... are often used loosely and confusedly." 36 Am.Jur.2d *Forfeitures and Penalties* § 3 (1968).

4. *See also In re Tapper,* 123 B.R. 594, 605 (Bankr.N.D.Ill.1991) (noncompensatory portion of debt incurred as a result of violating Illinois Consumer Fraud and Deceptive Business Practices Act within § 523(a)(7)); *In re Hatcher,* 111 B.R. 696, 700–1 (Bankr.N.D.Ill.1990) (noncompensatory portion of debt incurred as result of continuing misrepresentation to Illinois Department of Public Aid within § 523(a)(7)).