**In re Stephen George GARVIN and Penny Louise Garvin, Debtors.**

**UNITED STATES of America, Plaintiff,**

v.

**Stephen George GARVIN and Penny Louise Garvin, Defendants.**

**Bankruptcy No. 86–3048–8P7.**
**Adv. No. 86–500.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

March 24, 1988.

Lynne L. England, Asst. U.S. Atty., Tampa, Fla., for plaintiff.

Lee Ellen Acevedo, Tampa, Fla., for defendants.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case and the matter under consideration involves the dischargeability, vel non, of a debt in the amount of $16,951.65 claimed to be due and owing to the United States of America (Government) who instituted the above-captioned adversary proceeding. The Motion filed by the Debtors brings into question the dischargeability, vel non, of this debt admittedly due and owing which is based on a final judgment entered by the United States District Court in Montana in connection with a criminal case filed by the Government against the Debtors involved in the Chapter 7 case. In order to put the resolution of the issue presented by the Motion for Summary Judgment filed by the Debtors in proper focus, a recitation of the facts which are relevant and without dispute should be helpful.

The Debtors were indicted by the Federal Government for filing false income tax returns and were ultimately found guilty and were placed on five years probation provided that they pay all back taxes, penalties and the cost of prosecution in the amount of $16,951.65. The Judgment and Prosecution Committment Order does not condition the Debtors' obligation to pay for cost of prosecution. It appears that counsel for the Debtors at the sentencing hearing requested the District Court to direct the Internal Revenue Service to turn over all books and records of the Debtors seized from them by the Government in order to enable them to file their income tax returns. The Court agreed to condition the requirement that the Debtors pay the cost of prosecution, upon the Government's compliance with the request to turn over the books and records.

This adversary proceeding was commenced by a complaint filed by the Government who seeks a declaration that the Debtors' obligation to pay cost of prosecution, i.e. the sum of $16,951.65, is a non-dischargeable debt pursuant to § 523(a)(7) of the Bankruptcy Code. In due course, the Government filed a Motion for Summary Judgment which was denied by this Court. The present Motion for Summary Judgment was filed by the Debtors who contend that there are no genuine issues of material facts and that they are entitled to judgment as a matter of law, declaring that the sentencing court's requirement that they pay the cost of prosecution is a dischargeable debt inasmuch as it represents not a fine, penalty or forfeiture but is compensation for actual pecuniary loss and for this reason is not within the exceptive provision of § 523(a)(7) of the Bankruptcy Code. In support of this proposition, the Debtors also urge that since they had no absolute duty and obligation to pay the cost of prosecution until they received the books and records from the Government and since they did not receive the books and records until after the commencement of the Chapter 7 case, they were not indebted to the Government on the date they filed their Voluntary Petition for Relief. Based on the foregoing argument, this Court initially denied the Government's Motion and indicated that the Government was not entitled to judgment as a matter of law. Upon reconsideration, however, this Court is now satisfied that the proposition urged by the Debtors is not supported by law which, on the contrary, supports the position of the Government. Considering first the last proposition urged by the Debtors that they

were not indebted to the Government on the date of the commencement of the case, it is clear that it is without merit for the following reason. While it is evident that if this proposition is accepted, the question of dischargeability is academic for the simple reason that the discharge in bankruptcy operates as a legal release of all debts which were in existence on the date of the commencement of the case and the discharge has no legal effect on debts which came into being after the commencement of the case, the proposition urged by the Debtors is contrary to the definition of "debt" or "claim" provided by the Code. The term "debt", is defined by § 101 of the Bankruptcy Code. It means a liability on a "claim". The term "claim" is defined by § 101(4)(A) as a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured. It is clear that the obligation to pay the cost of prosecution imposed by the sentencing court was clearly a "debt" which existed on the date of the commencement of the case albeit the claim to enforce this debt was subject to a condition precedent, i.e., the Government's compliance with the turnover of the Debtors' records. This leaves for consideration the next contention by the Debtors which is whether this obligation comes within the perview of the exceptive provisions of discharge set forth in § 523(a)(7) of the Bankruptcy Code. This Section provides:

Sec. 523. Exceptions to discharge. (a) A discharge under section 727, 141, [or 1328(b)], 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt (7) to the extent such debt is for fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty.

▆ Considering this question, the Seventh Circuit in the case of Matter of Zarynski, 771 F.2d 304 (1985) held that the cost of prosecution which the debtor was ordered to pay as part of his sentence did not constitute a dischargeable debt as the debt owed to the Government was not compensation for actual pecuniary loss but a fine. The Court of Appeals in affirming the Bankruptcy Court and District Court concluded that when the Government expends funds for criminal prosecution it is in connection with the fulfillment of its statutory police power responsibilities and is not in the nature of compensation for actual pecuniary loss suffered by the Government as the result of the Debtors' violation of a criminal statute of the Federal Government. See also, In re Cox, 33 B.R. 657.

Based on the foregoing authorities, this Court is satisfied that the sum of $16,951.65 imposed by the sentencing court on the Defendants was not an award to compensate the Government for pecuniary losses but, in fact, part of the sentence was a fine, which by virtue of § 523(a)(7) represents a non-dischargeable obligation. In turn, upon reconsideration of the Government's previously filed Motion for Summary Judgment, the Court is satisfied that as no genuine issues of material fact exist, the Government's Motion should be granted and judgment should be entered as a matter of law in favor of the Government.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment filed by Stephen George Garvin and Penny Louis Garvin, the Debtors, be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DECREED that the Order denying the Government's Motion for Summary Judgment be, and the same is hereby, vacated. It is further

ORDERED, ADJUDGED AND DECREED that the Government's Motion for Summary Judgment be, and the same is hereby, granted and the debt in the amount of $16,951.65 owed by the Debtor to the Government is hereby declared to be a non-dischargeable obligation.

A separate final judgment will be entered in accordance with the foregoing.