In re Joseph P. CILLO, Debtor.

THE FLORIDA BAR, Plaintiff,

v.

Joseph P. CILLO, Defendant.

Bankruptcy No. 92–15331–8P7.
Adv. No. 93–0143.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Sept. 23, 1993.

William K. Zewadski, Tampa, FL, for plaintiff.

Bernard J. Morse, IV, Tampa, FL, for defendant.

### ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case, and the matter under consideration is the dischargeability, vel non, of a debt admittedly due and owing by Joseph P. Cillo (Debtor) to The Florida Bar (Bar), the Plaintiff in this proceeding. In the single count Complaint, the Bar contends that the debt owed by the Debtor in the amount of $8,132.74, plus 12% interest, which was imposed by the Florida Supreme Court in a judgment entered against the Debtor on October 29, 1992, as a result of disciplinary proceedings brought against him by the Bar, is nondischargeable pursuant to § 523(a)(7) of the Bankruptcy Code. The Bar contends that the judgment imposed by the Supreme Court constitutes a "sanction" imposed as part of the disciplinary process and a pre-

requisite to Debtor's reinstatement, and as such, is a "fine, penalty or forfeiture" within the meaning of § 523(a)(7) and is nondischargeable.

On October 29, 1992, the Supreme Court of Florida, in the case *The Florida Bar v. Joseph P. Cillo*, 606 So.2d 1161 (Fla.1992), suspended the Debtor from legal practice for six months for two incidents of unauthorized practice of law in the State of Texas and for non-commercial, personal use of cocaine in California from 1983 through 1985. The Supreme Court also entered a cost judgment against the Debtor and in favor of the Bar in the amount of $8,132.74, plus 15% statutory interest. On November 20, 1992, Joseph P. Cillo filed a voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code. On March 3, 1993, the Bar commenced the present adversary proceeding by filing a complaint against the Debtor to determine the dischargeability of the debt due and owing by the Debtor to the Bar. The immediate matter under consideration is a Motion for Summary Judgment filed by the Bar. It is the contention of the Bar that there are no genuine issues of material fact and it is entitled to the relief it seeks, a determination that the judgment rendered against the Debtor in the disciplinary proceeding brought by the Supreme Court is in the nature of a "fine, penalty, or forfeiture" which is nondischargeable as provided by § 523(a)(7). The claim of nondischargeability asserted by the Bar is based on § 523(a)(7) which provides:

§ 523. **Exceptions to discharge**

(a) A discharge under section 727, 1141, 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(7) to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss ...

Thus it is evident that before this claim of the Bar could be sustained, it is necessary to prove two things; first, the bar is a governmental unit; and second, the amount sought to be dischargeable is, in

fact, not compensation for actual pecuniary loss, but is a fine or penalty.

The term governmental unit is defined by § 101 and this Court is satisfied that The Florida Bar is, in fact, a "governmental unit" within the meaning of § 101(27) of the Bankruptcy Code, which provides:

§ 101. **Definitions**

In this title—

(27) "governmental unit" means United States; State; Commonwealth; District; Territory; municipality; foreign state; department, agency or instrumentality of the United States (but not a United States trustee while serving as a trustee in a case under this title), a State, a Commonwealth, a District, a Territory, a municipality, or a foreign state; or other foreign or domestic government.

The legislative history to this provision states that the definition of a "governmental unit" was intended to be construed in the "broadest sense". *In re Haberman,* 137 B.R. 292, 294 (Bankr.E.D.Wis.1992). This Court is satisfied that the Florida Supreme Court has established the authority and responsibility of the Bar as the official arm of the Florida Supreme Court. Pursuant to Art. 5, § 15 of the Florida Constitution (1992), "the supreme court shall have exclusive jurisdiction to regulate the admission of persons to the practice of law and the discipline of persons admitted." The Florida Supreme Court promulgated the Rules Regulating the Florida Bar, which designates the Board of Governors, Grievance Committee and the Referees as "agencies of the Supreme Court." Rule 3–3.1 states:

The exclusive jurisdiction of the Supreme Court of Florida over the discipline of persons admitted to the practice of law shall be administered in the following manner subject to the supervision and review of the court. The following entities are hereby designated as agencies of the Supreme Court of Florida for this purpose and with the following responsibilities, jurisdiction, and powers. The board of governors, grievance committees, and referees shall have such jurisdiction and powers as are necessary to conduct the proper and speedy disposition of any investigation or cause, including the power to compel the attendance of witnesses, to take or cause to be taken the deposition of witnesses, and to order the production of books, records, or other documentary evidence. Each member of such agencies has power to administer oaths and affirmations to witnesses in any matter within the jurisdiction of the agency.

The Florida Bar was created by the Florida Supreme Court to enforce the professional responsibilities of attorneys, and the procedures for implementing these duties are set forth in the Rules Regulating the Florida Bar. The primary responsibility of the Bar is to investigate complaints against members of the Bar and make recommendations to the Florida Supreme Court regarding appropriate disciplinary actions. It is fundamental that the Florida Supreme Court, as the highest state tribunal of the Florida Judicial branch, is itself a governmental unit. In the case *In re Wade,* 115 B.R. 222, 228 (9th Cir. BAP 1990) (aff'd 948 F.2d 1122 (9th Cir.1991), the United States Bankruptcy Appellate Panel held that the Arizona Bar, while carrying out its duties in attorney disciplinary proceedings, had a sufficiently close and active relationship with the Supreme Court to become an instrumentality of the Arizona Supreme Court and was, therefore, a governmental unit. *Id.,* see also *In re Haberman,* supra. This Court agrees with the decision reached in *Wade* and *Haberman* and is satisfied that The Florida Bar constitutes a "governmental unit" under 101(27) of the Bankruptcy Code.

The foregoing leaves no doubt that the Florida Bar is, in fact, a governmental unit within the purview of § 523(a)(7). This leaves for consideration, the second prong of the test, which is whether or not the debt sought to be declared to be nondischargeable is, in fact, a penalty or fine as distinguished from compensation for actual pecuniary loss.

In the case of *In re Garvin,* 84 B.R. 824 (Bankr.M.D.Fla.1988), this Court had the

opportunity to consider whether or not an obligation of the Debtor to pay the cost of prosecution imposed by the sentencing court in a criminal action was nondischargeable. In *Garvin*, this court concluded that the fine imposed by the sentencing court on the debtor was not an award to compensate the government for pecuniary losses, but it fact, part of the sentence was a fine, which by virtue of 523(a)(7), represents a nondischargeable obligation. This Court in reaching its conclusion, relied on the case of *Matter of Zarynski*, 771 F.2d 304 (7th Cir.1985), also citing *In re Cox*, 33 B.R. 657 (Bankr.M.D.Ga.1983).

Similarly, in *Haberman*, supra, the costs of a disciplinary proceeding assessed by the Wisconsin Supreme Court against the debtor, whose license to practice law had been suspended, were in the nature of a "fine, penalty or forfeiture" within the meaning of the provision of the Bankruptcy Code rendering the debt non-dischargeable. The *Haberman* court held that although the assessed cost may result in reimbursement to the Wisconsin Bar, compensation is not the primary objective. Rather, the primary objective of a disciplinary action is to deter attorneys from engaging in improper conduct and to convey the message to attorneys and the public alike that the practice of law is closely scrutinized in order to maintain the Bar's integrity and high standards of professional conduct. This Court affirms its decision reached in *Garvin*, and finds that the costs of a disciplinary proceeding assessed by the Florida Supreme Court against the Debtor whose license to practice law had been suspended, were in the nature of a "fine, penalty or forfeiture" payable to or for the benefit of a governmental unit, and is not compensation for actual pecuniary loss. Even though *Garvin* arose in the context of criminal proceedings, the ultimate goal of both criminal and attorney disciplinary proceedings is to protect the public. Sanctions imposed against the offender, whether as part of an attorney disciplinary proceeding or a criminal proceeding, promote the state's penal and rehabilitative interests.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment filed by The Florida Bar be, and is hereby, granted and the debt due and owing by the Debtor to the Bar is hereby declared to be nondischargeable pursuant to § 523(a)(7) of the Bankruptcy Code.

DONE AND ORDERED.