**John A. BETTS, Appellant,**

v.

**ATTORNEY REGISTRATION AND DISCIPLINARY COMMISSION,
Appellee.**

**No. 93 C 5883.**

United States District Court,
N.D. Illinois, E.D.

Jan. 26, 1994.

Kenneth A. Kozel, Petz & Kozel, LaSalle, IL, for John A. Betts.

Ruthe A. Howes, Illinois Atty. Registration and Disciplinary Com'n, James John Grogan, Pamela Kay Gracyalny, Atty. Registration & Disciplinary Com'n, Chicago, IL, for Atty. Registration and Disciplinary Com'n.

## MEMORANDUM OPINION AND ORDER

PLUNKETT, District Judge.

John A. Betts, an Illinois Attorney, was once suspended from the practice of law for six months and ordered to pay the costs of his disciplinary proceedings. Without paying those costs, Betts filed a petition for bankruptcy. The Bankruptcy Court found that those costs were not dischargeable, and Betts appeals. The dischargeability of those costs under the Bankruptcy Code is the sole meritorious issue before us today. For the reasons stated below, we affirm the finding of the Bankruptcy Court.

### Background

The facts of this case are adequately covered in Judge Squire's two opinions below, *Attorney Registration and Disciplinary Commission of the Supreme Court of Illinois v. Betts*, 149 B.R. 891 (Bankr.N.D.Ill.1993), and *Attorney Registration and Disciplinary Commission of the Supreme Court of Illinois v. Betts*, 142 B.R. 819 (Bankr.N.D.Ill.1992), and we need not revisit them in detail herein. For the convenience of the reader, however, we briefly review the basic facts of this case.

Betts was licensed to practice law in the state of Illinois and was suspended for a six-month period back in May 1986 for engaging in attorney misconduct involving a land development project in which he had a contingency interest. Illinois Supreme Court Rule 773 provides that an attorney who is the subject of a disciplinary proceeding that results in a finding of misconduct and the imposition of discipline has a duty to reimburse the ARDC for costs incurred before the attorney may be reinstated. The ARDC, in conjunction with the investigation and prosecution of the matter which led to the Debtor's suspension, incurred costs in the amount of $3,833.06. Those costs were the subject of an order by the Supreme Court of Illinois entered on June 25, 1991, assessing costs against the Debtor, entering a judgment against him in said amount, and ordering him to pay same within thirty days thereafter. *See* Ill.Sup.Ct. Rule 773(c), (d).

On October 11, 1991, without having paid the judgment, the Debtor filed a *pro se* Chapter 7 petition. On March 20, 1992, the Attorney Registration and Disciplinary Committee ["ARDC"] filed an adversary proceeding to determine dischargeability of the debt pursuant to 11 U.S.C. § 523(a)(7). The ARDC's complaint claims that the judgment is unpaid and constitutes a fine, penalty or forfeiture payable to and for the benefit of the ARDC as a governmental unit, and accordingly is nondischargeable pursuant to section 523(a)(7) of the Bankruptcy Code.

Debtor's motion to dismiss was denied by Judge Squires, and the ARDC moved for summary judgment. After briefing by the parties, Judge Squires granted summary judgment in favor of the ARDC, finding that the imposition of costs against the Debtor by the Supreme Court of Illinois was nondischargeable under section 523(a)(7) of the Bankruptcy Code.

Betts, now represented by counsel, appeals. However, he denies none of the factu-

al allegations made by the ARDC. Instead, all that is properly before us is the question of the dischargeability of costs imposed upon a disciplined attorney.

### Discussion

■ Pursuant to Rule 8013 of the Bankruptcy Rules,

> On an appeal the district court ... may affirm, modify, or reverse a bankruptcy judge's judgment, order or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous....

Thus, findings of fact are reviewed under the deferential "clearly erroneous" standard while conclusion of law or mixed conclusions of law and fact are reviewed *de novo. See Bennett & Kahnweiler Assoc. v. Ratner*, 132 B.R. 728, 730 (N.D.Ill.1991); *In re Scarlata*, 127 B.R. 1004 (N.D.Ill.1991); *In re Mader*, 108 B.R. 643 (N.D.Ill.1989).

There are no material factual disputes in the present case. Rather, the sole issue of any merit concerns the dischargeability under 11 U.S.C. § 523 of costs imposed in an attorney disciplinary proceeding under Illinois Supreme Court Rule 773. That issue is clearly a question of law, and we review Judge Squires' findings below *de novo*.

■ Of course, the summary judgment standard is well known. For defendants to prevail on a summary judgment motion, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, [must] show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). At this stage, we do not weigh evidence or determine the truth of asserted matters. We simply determine whether there is a genuine issue for trial, i.e. "whether a proper jury question was presented." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). If the nonmoving party bears "the burden of proof at trial on a dispositive issue, [however] ... the nonmoving party [is required] to go beyond the pleadings and by

her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986), quoting Fed.R.Civ.P. 56(e).

### I. *Section 523 of the Bankruptcy Code*

Section 523(a)(7) of the Bankruptcy Code which details an exception to discharge of indebtedness, states:

> (a) A discharge under Section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> > (7) to the extent such a debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty....

11 U.S.C. § 523(a)(7). Thus, to be nondischargeable pursuant to Section 523(a)(7) of the Bankruptcy Code, the disciplinary costs assessed against the Debtor must be payable to a "governmental unit" and be in the nature of a "fine, penalty, or forfeiture," rather than compensation for actual pecuniary loss. Judge Squires found that the costs imposed on the Debtor met both these elements.

### A. *Is the ARDC a "Governmental Unit" Within the Meaning of Section 523(a)(7)?*

■ Our first question is whether the ARDC is a "governmental unit" under the bankruptcy code. A "governmental unit" is defined in section 101(27) of the Code as:

> United States; State; Commonwealth; District; Territory; municipality; foreign state; department, agency, or instrumentality of the United States (but not a United States trustee while serving as a trustee in a case under this title), a State, a Commonwealth, a District, a Territory, a municipality, or a foreign state; or other foreign or domestic government.

11 U.S.C. § 101(27) (1991). The legislative history to this provision shows that the definition of a "governmental unit" was intended to be construed in the "broadest sense."

H.R.Rep. No. 595, 95th Cong., 1st Sess. 311 (1977), *reprinted in*, 1978 U.S.C.C.A.N. 5787, 6268. *See also In re Haberman*, 137 B.R. 292, 294 (Bankr.E.D.Wis.1992) (same); *Florida Bar v. Cillo*, 159 B.R. 340, 342 (Bankr. M.D.Fla.1993) (same).

■ The Supreme Court of Illinois has the inherent authority to regulate the admission of attorneys to the bar and to discipline those who have been admitted to practice. The Plaintiff merely acts as the Supreme Court's agent in administering its disciplinary function. *Attorney Registration and Disciplinary Commission of the Supreme Court of Illinois v. Lewis*, 151 B.R. 200, 202 (Bankr. C.D.Ill.1992) (citing *In re Mitan*, 75 Ill.2d 118, 25 Ill.Dec. 622, 387 N.E.2d 278, *cert. denied*, 444 U.S. 916, 100 S.Ct. 231, 62 L.Ed.2d 171 (1979)). Therefore, there is no question that the Plaintiff is an agency of the State of Illinois and thus a "governmental unit" for purposes of section 523. *See also In re Wade*, 115 B.R. 222, 228 (9th Cir.BAP 1990) (Arizona State Bar, while carrying out its duties in attorney disciplinary proceedings, was a "governmental unit"); *Cillo*, 159 B.R. at 342 (Florida Bar a "governmental unit"); *In re Williams*, 158 B.R. 488, 490 (Bankr.D.Idaho 1993) (Idaho Bar is "governmental unit" for purposes of section 523(a)(7); *Attorney Registration and Disciplinary Commission of the Supreme Court of Illinois v. Lewis*, 151 B.R. 200, 202 (Bankr. C.D.Ill.1992) (Illinois ARDC was "governmental unit" under section 523); *In re Haberman*, 137 B.R. 292 (Bankr.E.D.Wis.1992) (Wisconsin Board of Attorneys Professional Responsibility was "governmental unit" when functioning in its role supervising attorneys).

**B. Is the Imposition of Costs Punitive in Nature?**

■ The only remaining question is whether the costs imposed under Illinois Supreme Court Rule 773 are in the nature of a "fine, penalty, or forfeiture." If so, they are not dischargeable pursuant to section 523(a)(7).

Appellant argues rather vigorously that the costs imposed upon him pursuant to Rule 773 are not punitive in nature. Rather, he asserts, costs are reimbursement to the ARDC of pecuniary loss and thus not nondischargeable under section 523.

Our review of the case law does not support Appellant's view. To the contrary, it indicates that the courts have unanimously agreed with Judge Squires and found that costs imposed on an attorney pursuant to state disciplinary proceedings are punitive in nature and thus not dischargeable pursuant to section 523(a)(7). In *In re Haberman*, 137 B.R. 292 (Bankr.E.D.Wis.1992), the appellant was suspended from the practice of law after a finding of misconduct and costs were imposed. The attorney filed for bankruptcy. Relying in part on the opinions of the Sixth and Seventh Circuit Courts of Appeals that costs imposed as part of a sentence for a criminal offense constitute a nondischargeable debt under section 523(a)(7), the bankruptcy court held that costs imposed upon an attorney in disciplinary proceedings were nondischargeable as well. *Id.* at 295 (citing *In re Hollis*, 810 F.2d 106, 108 (6th Cir.1987) and *In re Zarzynski*, 771 F.2d 304, 306 (7th Cir.1985)).

Appellant argues that *Haberman* is inapplicable here because in Wisconsin a monetary fine may be imposed on an attorney upon a finding of professional misconduct, while in Illinois there is no provision for a fine. *Cf.* Wisc.Sup.Ct. Rule 21.06(3) (discipline may included "Monetary payment"); *with* Illinois Sup. Court Rule 771 (no provision for fine for attorney misconduct). Thus, the argument goes, the genesis of an assessment of costs in Wisconsin is the statutory authority to levy a monetary fine, authority which makes the fine punitive in nature, and authority which is unavailable in Illinois. The conclusion of Betts' syllogism is that costs imposed in Illinois disciplinary proceedings cannot be punitive in nature.

Betts' distinction, artfully drawn though it may be, is not supported by a careful reading of *Haberman*. Under Wisconsin Supreme Court Rule 21.06, misconduct is grounds for one or more of the following types of discipline:

(1) Revocation of license to practice law (disbarment).

(2) Suspension of license to practice law, including the imposition of conditions upon seeking reinstatement of the license.

(3) Monetary payment.

(4) Public or private reprimand.

(5) Conditions upon the continued practice of law.

The *Haberman* court found that while the authority for imposition of costs could come from subsection (3) authorizing monetary payment, it "clearly falls within the second type of discipline as one form of condition for seeking reinstatement of the license to practice law." *Haberman*, 137 B.R. at 295. Thus, imposition of costs in Wisconsin does not solely rest upon the provision allowing for monetary payment, and the *Haberman* decision does not rests upon that provision.

Relying in part on *Haberman*, the Bankruptcy Court for the Central District of Illinois has ruled that costs imposed on an Illinois attorney pursuant to Illinois Supreme Court 773(b) are punitive in nature and thus nondischargeable under section 523(a)(7). *Attorney Registration and Disciplinary Commission of the Supreme Court of Illinois v. Lewis,* 151 B.R. 200, 203 (Bankr.C.D.Ill. 1992).[1] In *Lewis,* the court held that:

> The disciplinary costs assessed against the Defendant are a fine, penalty or forfeiture because they are penal in nature. Disciplinary costs can not be assessed pursuant to Illinois Supreme Court Rule 773 unless an attorney has been disciplined for engaging in attorney misconduct.

*Lewis,* 151 B.R. at 203 (citing Ill.Sup.Ct. Rule 773). As in *Haberman, Lewis* rejected the argument that costs imposed in disciplinary proceedings were reimbursement rather than punishment because they reflect the amount spent prosecuting the case:

> The costs assessed against the Defendant are not compensation for an actual pecuniary loss to the Plaintiff. The Plaintiff's operating expenses are provided by the collection pursuant to Illinois Supreme Court Rule 756 of an annual registration fee from attorneys. 134 Ill.2d R. 756 (1990). The Plaintiff is not dependent

upon the collection of disciplinary costs in order to operate. Disciplinary costs in this regard are synonymous to a fine imposed as a component of a criminal sentence to be paid to the State.

*Id. See also Cillo,* 159 B.R. at 343 (rejecting reimbursement argument on same grounds and holding that fine imposed upon attorney in disciplinary proceedings not dischargeable under section 523(a)(7)); *Williams,* 158 B.R. at 491 (same); *Haberman,* 137 B.R. at 295 (same). Judge Squires found *Haberman* and *Lewis* persuasive on this point. *Betts,* 149 B.R. 891, 895. *Cillo,* which takes the same position, was yet to be written at the time Judge Squires wrote the opinion below.

We must agree with Judge Squires. Our review of Rule 773 makes it clear that the imposition of costs is punitive in nature: imposition of costs is triggered, in each instance, by misconduct on the part of the respondent attorney. The Rule provides:

> It is the duty of a respondent to reimburse the Commission (1) for costs incurred in the investigation, hearing and review of matters brought pursuant to article VII of these rules *which result in the imposition of discipline,* (2) for costs involved in the investigation of alleged violations of the terms and conditions of any such disciplinary order, *when such violation are later proved,* and (3) for costs involved in any proceedings for the enforcement of any rule, judgment or order of this court *which was made necessary by any act or omission on the part of the respondent,* (4) for costs incurred to compel the appearance of respondent and to transcribe respondent's testimony, when the appearance followed *respondent's failure to comply with a request from the Inquiry Board* or Administrator to provide information concerning a matter under investigation, and (5) for costs incurred to obtain copies of records from a financial institution, *when the institution's production of the records followed respondent's failure to comply* with a request from the Inquiry Board or the Administrator to provide those records.

Ill.Sup.Ct.R. 773(b) (emphasis added).

Our review of the Bankruptcy Code, Rule 773, and the unanimous precedent on this

---

**1.** Appellant makes no attempt to distinguish *Lewis.*

question leads to but one conclusion: costs imposed upon disciplined attorneys pursuant to Rule 773 are nondischargeable under section 523(a)(7) of the Bankruptcy Code. Beyond the support for this conclusion found in the statutes and cases, public policy also supports our view. Indeed, as the court pointed out in *Williams*, "[i]t would be a poor policy indeed to suggest that an attorney could elude punishment for professional improprieties by resorting to the Bankruptcy Code." *Williams*, 158 B.R. at 490.

### *Conclusion*

The Bankruptcy Court's grant of summary judgment to the Appellee based upon its determination that costs imposed upon the Debtor in an attorney disciplinary proceeding are nondischargeable is affirmed. We recognize that we have given the Appellant an extension of time to file his Reply. However, given the clear state of the law on this issue and the minimal guidance we gleaned from Appellant's opening Memorandum, we issue this opinion without the benefit of a Reply brief. Should Mr. Betts feel he has additional argumentation of value that he would have made in his Reply, he may file a motion to reconsider our decision within ten days, supported by those arguments.