In re Joseph P. CILLO, Debtor.

Joseph P. CILLO, Appellant,

v.

THE FLORIDA BAR, Appellee.

No. 93–1891–CIV–T–17B.

United States District Court,
M.D. Florida,
Tampa Division.

March 18, 1994.

Bernard Jay Morse, IV, Law Office of Bernard J. Morse, IV, Tampa, FL, for debtor/appellant.

William K. Zewadski, Trenam, Simmons, Kemker, Scharf, Barkin, Frye & O'Neill, P.A., Tampa, FL, for appellee.

*ORDER AFFIRMING THE BANKRUPTCY COURT'S DETERMINATION THAT THE FLORIDA BAR'S CLAIM IS EXCEPTED FROM THE DEBTOR'S DISCHARGE AS A FINE OR PENALTY UNDER 11 U.S.C. § 523(a)(7)*

KOVACHEVICH, District Judge.

This cause is before the Court on appeal to determine whether the Bankruptcy Court correctly determined that The Florida Bar's claim was excepted from the debtor's discharge as a fine or penalty under 11 U.S.C. § 523(a)(7). More specifically, this Court must consider whether the claim of The Florida Bar is in the nature of a fine or penalty or whether the claim is compensation for an actual pecuniary loss suffered by The Florida Bar.

## I. BACKGROUND

On October 29, 1992, the Florida Supreme Court suspended Appellant from the practice of law for six months for two incidents of unauthorized practice of law in Texas and California and for non-commercial, personal use of cocaine from 1983 to 1985 in California. *The Florida Bar v. Joseph P. Cillo,* 606 So.2d 1161 (Fla.1992). In addition, the Florida Supreme Court entered a cost judgment against Appellant in the amount of $8,132.74 plus interest.

Appellant filed a voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code on November 20, 1992. On March 3, 1993, Appellee filed a complaint against the Appellant to determine the dischargeability of the debt due to Appellee. A motion for summary judgment was filed by Appellee and on September 23, 1993 the Honorable Judge Paskay granted the motion, 159 B.R. 340. Appellant filed a motion appealing the Bankruptcy Court's order granting Appellee's motion for summary judgment. This case was therefore transmitted to the District Court on November 5, 1993 in order for the appeal to be reviewed.

### A. *Appellant Joseph P. Cillo's Case*

Appellant argues that Appellee's claim constitutes compensation for actual pecuniary

loss suffered by Appellee and therefore the Bankruptcy Court erred by granting Appellee's motion for summary judgment. Appellant cites several cases stating that Bar disciplinary proceedings are intended to protect the public, not punish a lawyer and that a cost judgment can be ordered against The Florida Bar. However, the cases cited by Appellant do not override the strong public policy arguments set forth by other courts previously.

### B. *Appellee The Florida Bar's Case*

Appellee argues that the Bankruptcy Court correctly granted its motion for summary judgment because its claim is in the nature of a fine or penalty and is therefore nondischargeable under 11 U.S.C. § 523(a)(7). The cases cited by Appellee support the strong public policy argument that has previously been supported by other courts.

### II. ANALYSIS

Appellant filed a brief appealing the Bankruptcy Court's decision granting the Appellee's motion for summary judgment on the basis that the Bankruptcy Court erred by deciding that the claim was a fine or penalty and therefore nondischargeable under 11 U.S.C. § 523(a)(7). In granting Appellee's motion for summary judgment, the Bankruptcy Court proved two things: (1) that The Florida Bar is a governmental unit and (2) that the amount sought to be dischargeable is not compensation for actual pecuniary loss but is instead in the nature of a fine or penalty. Appellant does not challenge that The Florida Bar is a governmental unit. The sole issue before the Court presently is whether the claim is in the nature of a fine or penalty and therefore nondischargeable in bankruptcy, or whether the claim is compensation for an actual pecuniary loss and therefore dischargeable under 11 U.S.C. § 523(a)(7).

As the Bankruptcy Court correctly asserted, Appellee's claim of nondischargeability is based on 11 U.S.C. § 523(a)(7). This section provides:

### § 523. Exceptions to discharge

(a) A discharge under section 727, 1141, 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(7) to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss ...

This question currently before the Court has been addressed in other jurisdictions, especially in conjunction with criminal proceedings. Other courts have stated the strong public policy argument that an attorney should not be able to escape liability or punishment for professional wrongdoings by filing bankruptcy. Three main cases deal with costs in a criminal proceeding where the courts held that the claim was not compensation for an actual pecuniary loss but rather a fine or penalty and therefore not a dischargeable debt in bankruptcy.

In *In re Cox*, 33 B.R. 657 (Bankr.M.D.Ga. 1983), a debtor was ordered to pay the costs of his prosecution. The court held that the amount the debtor was ordered to pay as reimbursement to the government for the cost of his prosecution was not compensation for any pecuniary loss. Instead, the court held that the amount was in the nature of a fine or penalty and as such was not dischargeable according to 11 U.S.C. § 523(a)(7).

Likewise, in *In re Zarzynski*, 771 F.2d 304 (7th Cir.1985), the Seventh Circuit Court of Appeals held that a debtor's obligation to pay the costs of his criminal prosecution was imposed "as part of the sentence to punish him for violation of the criminal laws" rather than as compensation for any pecuniary loss incurred in prosecuting. The debt was therefore considered not dischargeable under 11 U.S.C. § 523(a)(7). The court held that the costs could be part of the debtor's penalty even though the costs were measured by certain expenditures of the governmental unit for the trial. *Id.* at 306. The court further supported a statement made by the Second Circuit in *In re Abramson*, 210 F. 878 (2d Cir.1914) that "bankrupts who have violated laws passed for the public good can-

not escape punishment by going into bankruptcy." *Id.*

The third case dealing with costs in criminal proceedings is *In re Garvin,* 84 B.R. 824 (Bankr.M.D.Fla.1988). In *In re Garvin,* it was held that the costs of prosecution which debtors had to pay as part of their criminal sentence was not compensation for actual pecuniary loss but was instead a fine. Because the court held that the claim was a fine, it was a nondischargeable debt under 11 U.S.C. § 523(a)(7).

The cases involving costs of criminal proceedings can be used to examine the issue at hand. It has been held that application of the rationales used in criminal proceedings can be applied to attorney disciplinary proceedings sensibly and without making a big leap. *In re Haberman,* 137 B.R. 292, 296 (Bankr.E.D.Wis.1992). The court in *In re Hanson,* 71 B.R. 193 (Bankr.E.D.Wis.1987), explained that the purpose of disciplinary proceedings is to protect the public from professional misconduct as well as to supervise the practice of law. Additionally, as Judge Paskay stated in his order granting the Appellee's motion for summary judgment, "the ultimate goal of both criminal and attorney disciplinary proceedings is to protect the public. Sanctions imposed against the offender, whether as part of an attorney disciplinary proceeding or a criminal proceeding, promote the state's penal and rehabilitative interests." *Order Granting Plaintiff's Motion for Summary Judgment,* 159 B.R. at 343.

In *In re McAtee,* 162 B.R. 574 (Fla.N.D. 1993), it was held that The Florida Bar is responsible for policing the practice of law in Florida and that the public looks to The Florida Bar to ensure that attorneys in Florida are competent and ethical. The court further asserted that the primary purpose of disciplinary proceedings is to promote public safety. This Court agrees that an ultimate goal of both types of proceedings is to protect the public and that sanctions promote the state's penal and rehabilitative interests.

In *In re DeBock,* 512 So.2d 164 (Fla.1987), the Florida Supreme Court explained the position of attorneys in our society:

An attorney as an officer of the Court and a member of the third branch of government occupies a unique position in our society. Because attorneys are in a position where members of the public must place their trust, property and liberty, and at times even their lives, in a member of the bar, society rightfully demands that an attorney must possess a fidelity to truth and honesty that is beyond reproach. When an attorney breaches this duty, the public is harmed. Not only is the individual citizen harmed by the unethical practitioner, all of society suffers when confidence in our system of law and justice is eroded by the unethical conduct of an officer of the Court. To protect the public the bar is mandated to inquire into an attorney's conduct when even the *appearance* of impropriety exists. For these reasons, the vast weight of judicial authority recognizes that bar discipline exists to protect the public, and not to "punish" the lawyer.

In *In re Haberman,* 137 B.R. 292 (Bankr. E.D.Wis.1992), an attorney was suspended from the practice of law for two years and until he had paid the cost of the disciplinary proceedings. The *Haberman* court stated that the ultimate goal of attorney disciplinary proceedings is to protect the public and that "sanctions imposed against an offender ... promote the state's penal and rehabilitative interests." *Id.* at 296. *See also DeBock v. State of Florida,* 512 So.2d 164, 166 (Fla. 1987) (where the Florida Supreme Court held that bar disciplinary proceedings are designed to protect the public and the integrity of the courts).

The court also explained that if costs arising out of an attorney's disciplinary proceedings were dischargeable, the ability of the Board of Attorneys Professional Responsibility (a governmental unit created by the Wisconsin Supreme Court to enforce the professional responsibility of attorneys) would be hampered. *Id.* The *Haberman* court further held that the power of the court to interfere with attorney disciplinary proceedings "must be exercised with judicial restraint and in full recognition of the purpose for which (the governmental unit) was created." *Id.*

In *In re Lewis,* 151 B.R. 200 (Bankr. C.D.Ill.1992), the court held that disciplinary costs assessed against an attorney who was disbarred were nondischargeable in the attorney's Chapter 7 bankruptcy case according to 11 U.S.C. § 523(a)(7). The court held that the costs assessed against the defendant attorney were part of his punishment for engaging in attorney misconduct. The disciplinary costs were further held to be a fine, penalty or forfeiture due to their penal nature. The court in *In re Lewis* also stated that the costs imposed on the attorney were not compensation for actual pecuniary loss because operating expenses of the Attorney Registration and Disciplinary Commission (a governmental unit created by the Supreme Court of Illinois) were provided by an annual registration fee from attorneys. *See also In re Williams,* 158 B.R. 488, 491 (Bankr.D.Idaho 1993) (where the court stated that the Idaho Bar does not rely upon reimbursement awards from disciplinary proceedings for its financial vitality).

In *In re Betts,* 149 B.R. 891, 896 (Bankr. N.D.Ill.1993), the court stated that it would "follow the logic and reasons enunciated in *Haberman* and *Lewis* which both held that the assessment of a monetary sanction against an attorney with respect to disciplinary proceedings constitutes a 'fine, penalty or forfeiture.'" The *Betts* court asserted that costs imposed during a disciplinary proceeding were considered a fine or penalty because they were penal in nature and not compensation for actual pecuniary loss. In *Betts,* the costs were expenses incurred by Illinois' Attorney Registration and Discipline Commission in the disciplinary proceedings against the attorney. The Commission receives its operating expenses from annual registration fees provided by Illinois attorneys and therefore need not rely on cost awards from disciplinary proceedings. Therefore, the court held that there was no loss to compensate—only a fine or penalty which equalled the amount incurred from the disciplinary proceedings against the attorney. The *Betts* court espoused the opinion in *Lewis* that costs assessed against an attorney for wrongdoing is a part of the attorney's punishment for engaging in misconduct. *See also In re Williams,* 158 B.R. at 491 (where the court held "It would be poor policy indeed to suggest that an attorney could elude punishment for professional improprieties by resorting to the Bankruptcy Code.").

The public policy argument has been supported by many courts. In *In re Abramson,* 210 F. 878 (2d Cir.1914), the court held "... we would not come to a conclusion so against public policy as that Congress intended bankrupts to be released from all liability for violating laws passed to protect the health of the community unless absolutely compelled to do so." The public could be harmed immensely if attorneys who violated the Bar rules were able to escape their liability by filing bankruptcy.

The United States Supreme Court has held that the plain language of 11 U.S.C. § 523(a)(7) creates a "broad exception for all penal sanctions ..." and that restitution orders were sufficiently penal to fall under 11 U.S.C. § 523(a)(7), thereby making them nondischargeable. *Kelly v. Robinson,* 479 U.S. 36, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986). Although the facts in *Kelly* involve criminal proceedings, some general rules and interpretations apply. The Court held that an award of restitution in a criminal proceeding is treated as a fine or penalty under 11 U.S.C. § 523(a)(7). The United States Supreme Court reasoned that the decision to impose restitution to a victim is generally done to achieve penal goals, and not for compensation. The Supreme Court supported the *In re Pellegrino,* 42 B.R. 129 (Bankr.D.Conn.1984) court which reasoned that the reason for the restitution requirement was "to promote the rehabilitation of the offender" rather than to compensate the victim. The *Pellegrino* court specifically rejected the contention that restitution is compensatory merely because it equals the amount of the victim's loss.

In *In re Car Renovators,* 946 F.2d 780 (11th Cir.1991), the Eleventh Circuit Court of Appeals clarified the *Kelly* decision and held that 11 U.S.C. § 523(a)(7) will not apply to restitution solely intended to compensate the victim. Therefore, as the court in *In re Telsey,* 144 B.R. 563, 565 (Bankr.S.D.Fla. 1992), holds, "in accord with *Kelly* and its

**50**

progeny, and the Eleventh Circuit, it is apparent that the slightest penal purpose behind the imposition of a restitution order will justify characterizing the debt as a "fine, penalty, or forfeiture" within the meaning of § 523(a)(7)."

In *The Florida Bar v. Davis,* 419 So.2d 325 (Fla.1982), the Florida Supreme Court held that in disciplinary actions the discretionary approach should be utilized when awarding costs. The Court stated that "[g]enerally, when there is a finding that an attorney has been found guilty of violating a provision of the code of professional responsibility, the bar should be awarded its costs." *Id.* at 328. On the other hand, the Court further asserted that in assessing costs, the referee and the Court (Florida Supreme Court) could also consider that an attorney has been acquitted on some charges and that the costs incurred may be unreasonable. *Id.* In addition, the Wisconsin Supreme Court in *In re Hur,* 126 Wis.2d 119, 375 N.W.2d 211, 212 (1985), held that an attorney's statements that he cannot afford to pay the assessed costs are "not a sufficient basis on which to excuse him from their payment thereby passing on those costs to the entire bar, who annually pay Board assessments."

### III. CONCLUSION

Based on the foregoing, this Court therefore finds that the Bankruptcy Court correctly determined that The Florida Bar's claim is not compensation for actual pecuniary loss and is accordingly excepted from the Appellant's discharge as a fine or penalty under 11 U.S.C. § 523(a)(7). Accordingly, it is

ORDERED that the Bankruptcy Court's order holding that The Florida Bar's Claim was excepted from the Appellant's discharge as a fine or penalty under 11 U.S.C. § 523(a)(7) be AFFIRMED; and this case is dismissed. The Clerk of Court shall enter a final judgment of dismissal.

DONE AND ORDERED.