**John A. BETTS, Appellant,**

v.

**ATTORNEY REGISTRATION AND DISCIPLINARY COMMISSION, Appellee.**

**No. 93 C 5883.**

United States District Court, N.D. Illinois, Eastern Division.

April 5, 1994.

108

Kenneth Kozel, LaSalle, IL, for John A. Betts.

Pamela K. Gracyalny and James Grogan, Chicago, IL, for Atty. Registration and Disciplinary Com'n.

## MEMORANDUM OPINION AND ORDER

PLUNKETT, District Judge.

John A. Betts, an Illinois attorney, was once suspended from the practice of law for six months and later ordered to pay the costs of his disciplinary proceedings. Without paying those costs, Betts filed a petition for bankruptcy. The ARDC filed an adversary petition to determine the dischargeability of the costs. The bankruptcy court found that those costs were not dischargeable, and Betts appealed.

Among other arguments, Betts claimed that the bankruptcy judge pandered to the whims of the ARDC out of fear of losing his law license:

> Bankruptcy court judges are subject to the ARDC, pander to their every wish and whim and are always going to rule in their favor. After all, the bankruptcy court thinks its like being on the side of an-

gels. . . . This attorney remembers a story in the *Wall Street Journal* where in one Federal District where [sic] the District Court Judges would not even take the same elevator as the Bankruptcy Court Judges. That can probably mean anything you want it to mean.

(Mem. in Supp. at 17.) Betts apparently wants this Court to infer from this passage that Judge Squires is corrupt. We will make no such inference. Whatever the value of this broadside, it clearly has no relevance to this case.

Betts premised his arguments here with the suggestion that the only way this court would affirm the bankruptcy judge's rulings was out of a similar fear. With those attacks on the integrity of this Court and the court below, Betts set the tone for the rest of this litigation.

We affirmed the finding of the bankruptcy court. Upon receipt of our Memorandum Opinion and Order affirming the bankruptcy court, 165 B.R. 870, Betts filed a Motion to Alter or Amend. As to the merits of the motion, we need not tarry long. Betts reargues points we rejected earlier by simply retyping them in a larger type face and in bold print. However, Betts cites no authority that directly supports his position, and his arguments fail in large type as readily as they do in standard type.

Our rejection of the merits of Betts' motion does not end our discussion of it, however. A motion to reconsider or to alter or amend is frivolous if it raises no new evidence or arguments of law that explain why the court should change the original order. *Magnus Elec. v. Masco Corp.*, 871 F.2d 626, 630 (7th Cir.), *cert. denied*, 493 U.S. 891, 110 S.Ct. 237, 107 L.Ed.2d 188 (1989); *Unioil v. E.F. Hutton & Co.*, 809 F.2d 548, 559 (9th Cir.1986), *cert. denied*, 484 U.S. 822, 108 S.Ct. 83, 98 L.Ed.2d 45 (1987) (motion to reconsider frivolous if no new evidence is presented beyond that already found insufficient by judge); *Brown v. National Bd. of Med. Examiners*, 800 F.2d 168, 173 (7th Cir. 1986) (motion to reconsider sanctions that raises nothing new is a violation of Rule 11). We hereby issue a Rule to Show Cause why

Betts' attorney, Kenneth Kozel, should not be sanctioned in the amount of $1,000.00 for violating Fed.R.Civ.P. 11(b)(2) by filing a frivolous motion to alter or amend. We find that his pleadings on the Motion to Alter or Amend present no arguments beyond those we rejected earlier. This Court has neither the time, nor frankly, the inclination to entertain a second bite at the apple from a litigant. Mr. Kozel is ordered to show cause in writing within thirty days of the entry of this order as to why this sanction should not be entered against him.[1]

■ However, this matter is not ended with our entry of a Rule to Show Cause for frivolous filings. Apparently, Kozel is of a mind that if he cannot win within the traditional bounds of advocacy, he will blame his failure on the Court and its personnel.

Kozel's troubles began when he filed the Motion to Amend without noticing it for a hearing. The practice of this Court is that each motion must be noticed so that a briefing schedule can be set that accommodates the needs of the Court as well as both parties. Motions that are not noticed are not acted upon by this Court.

When told of this requirement by either opposing counsel or by this court's staff, most attorneys simply comply. Kozel, however, did not notice his motion. Rather, he took the position that no notice was required because, according to him, Bankruptcy Rule "8012(c)" provides that motions will be decided without oral argument unless the court orders otherwise. He then states:

> One of the problems raised by Betts was the incompetence of the Judge's court clerk assigned to this case.... What's anyone expect is going to happen when the Judge's Clerk and opposing counsel aren't even familiar with the basics. I mean c'mon, shouldn't the two of them have to write on the blackboard, 'I'll try harder?'

(Resp. to Mot. by ARDC for Leave to File Inst. at 2.)

■ Aside from the fact that Rule 8012 has nothing to do with a hearing to set a briefing schedule, Betts' accusations are inappropriate. If this Court's staff tells a litigant that his motion must be noticed, the motion must be noticed. To refuse to meet the clerk's request and to accuse her of incompetence is conduct unbecoming of an attorney licensed before this Court.

Kozel's inappropriate conduct does not end there. In his Motion to Alter or Amend, Betts claims that the rationale for our decision was "just nonsense," and "totally defies logic." (Mot. at 2.) In his Memorandum in Support, he continues in kind, calling one of our findings "utter nonsense." (Mem. at 6.) Even more disturbing is the following attack on our finding that public policy supports the decision of the bankruptcy judge:

> Another reason public policy decision [sic] are just bad is because the mechanics of how decisions get written. It's touchy ground here but it's also a fact of life that court decisions are written by law clerks with little or no experience in the real world and entered after a cursory review by the Judge. The bulging court dockets don't allow for a lot of options. But because of how the decisions come to life, the wisdom of a "brand new lawyer law clerk" should not be making public policy.

(Mem. at 14.)

Finally, in the Reply to his still unnoticed Motion, Kozel switches his approach from simply insults to condescension. He opens with "Maybe this attorney just did not make himself clear enough." (Reply at 1.) After instructing the Court to "[f]ollow along," (Reply at 2), Kozel says, "Judge Plunkett is an old prosecutor. Let me try a more simplified approach." *Id.* He then continues to harp on unsupported arguments we have explicitly found to be meritless, and winds up with "[t]he opinion was poorly researched, poorly written and failed to address each of the matters raised on appeal." (Reply at 4–5.) He ascribes this to the facts that "[t]here is clearly a problem with Judge Plunkett's support staff." (Reply at 5.)[2]

---

1. We note for the record that, should we enter a sanction against Mr. Kozel, we shall also order the clerk's office not to accept any pleadings from him until the fine has been paid in full.

2. Perhaps realizing that he has gone too far, Kozel attempts to sweeten this bitter medicine by claiming that his client "has known Judge Plunkett for about twenty-five years, thinks him an

This unprofessional conduct simply cannot be ignored. Kozel, unable to find legal arguments to support his case, turns to accusations of conspiracy and incompetence that border very closely upon criminal contempt of this Court. *See, e.g.,* 18 U.S.C. 401; Fed. R.Crim.P. 42(b); *United States v. Oberhellmann,* 946 F.2d 50, 52–53 (7th Cir.1991); *In re Dellinger,* 502 F.2d 813 (7th Cir.), *cert. denied,* 420 U.S. 990, 95 S.Ct. 1425, 43 L.Ed.2d 671 (1974) (where counsel makes personal attack on judge beyond vigorous legal argument and constituting material obstruction of justice, counsel is in contempt); *United States ex rel. Lynch v. Werksman,* 319 F.Supp. 353, 254 (N.D.Ill.1970) (Will, J.) (while not all displays of disrespect for the court are punishable as contempt, those that suggest corruption may be).[3]

If we have wrongly decided the merits of Betts' appeal, we have no doubt that the Seventh Circuit will correct us. However, if Kozel thinks that he can bully this Court into changing its disposition by making personal accusations, he is sorely mistaken. We caution Mr. Kozel that in the event he elects to respond to the Rule to Show Cause he moderate his tone. Another pleading of the ilk of the last two may result in more substantial sanctions.

### Conclusion

For the reasons stated above, Betts' Motion to Alter or Amend is denied on its merits. Further, we issue a Rule to Show Cause why Kenneth Kozel should not be sanctioned in the amount of $1,000.00 for filing frivolous pleadings. Kozel shall respond in writing within 30 days of the entry of this order. Failure to do so will result in the imposition of sanctions.

---

honorable man and a person that would try to do the right thing and make correct judgments." (Reply at 4.) These comments, however, are no more relevant to the merits of this case than the insults that proceeded them, and we disregard them.

**3.** Kozel also makes several disparaging remarks about his opponents, the ARDC.