[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-10272
Non-Argument Calendar

_____

D.C. Docket Nos. 1:13-cv-20992-KAM; 12-bkc-01415-LMI

In Re: DONALD ALAN TOBKIN,

Debtor.

_____

DONALD ALAN TOBKIN,

Plaintiff-Appellant,

versus

THE FLORIDA BAR,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 28, 2014)

Before HULL, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Donald Alan Tobkin appeals the district court's affirmance of the bankruptcy court's denial of his motion to dismiss an adversary proceeding brought by The Florida Bar (the Bar) and granting the Bar's motion for summary judgment. Tobkin presents one issue for our consideration: whether the bankruptcy court erred in finding that the Bar's cost judgment against him was non-dischargeable because the Bar was a "governmental unit" for purposes of 11 U.S.C. § 523(a)(7).[1] After careful review, we affirm.

In March 2010, Tobkin was disbarred from practicing law in Florida for five years. In addition, the Supreme Court of Florida entered a cost judgment of $12,217.39 against him as a disciplinary fine and penalty. In September 2011 Tobkin filed for bankruptcy. The Bar filed an adversary proceeding against Tobkin in bankruptcy court in May 2012, seeking a determination that its claim was non-dischargeable under 11 U.S.C. § 523(a)(7). Section 523(a)(7) of the Bankruptcy Code provides that a debt is non-dischargeable to the extent it is a "fine, penalty, or forfeiture payable to and for the benefit of a <u>governmental unit</u>, and is not compensation for actual pecuniary loss." 11 U.S.C. § 523(a)(7)

---

[1] The Table of Contents of Tobkin's opening brief mentions the bankruptcy court's alleged failure to reserve jurisdiction so that he could plead counterclaims against the Bar, but he offers no argument in support of this issue. Thus, he has abandoned this claim. <u>See</u> <u>Access Now, Inc. v. Sw. Airlines Co.</u>, 385 F.3d 1324, 1330 (11th Cir. 2004).

2

(emphasis added).  After the Bar moved for summary judgment, Tobkin served the Bar with four sets of requests for admission.  Among the requests for admission was that the Bar "is not a government entity."  (Emphasis added).  In its response, the Bar stated:  "Admitted."

In November 2012, the bankruptcy court found that the Bar was a "governmental unit" for purposes of § 523(a)(7).  The bankruptcy court concluded that, because the Bar was an agency or instrumentality of the Supreme Court of Florida, it was a governmental unit under 11 U.S.C. § 101(27).  And the bankruptcy court determined that the cost judgment against Tobkin was in the nature of a "fine" or "penalty" under § 523(a)(7).  Thus, the bankruptcy court reasoned that Tobkin's debt to the Bar was non-dischargeable under § 523(a)(7). The district court affirmed.

We review the bankruptcy court's factual and legal conclusions using the same standards of review as the district court.  In re Mitchell, 633 F.3d 1319, 1326 (11th Cir. 2011).  We review the bankruptcy court's factual findings for clear error, and we review the legal conclusions of both the bankruptcy court and the district court de novo.  Id.

Under the Florida Constitution, the Supreme Court of Florida has "exclusive jurisdiction to regulate the admission of persons to the practice of law and the discipline of persons admitted."  Fla. Const. art. V, § 15.  The Supreme Court of

Florida has promulgated the Rules Regulating the Florida Bar, which designate "[t]he board of governors, grievance committees, and referees" as "agencies of the Supreme Court of Florida." R. Regulating Fla. Bar 3–3.1. From this, the United States Bankruptcy Court for the Middle District of Florida has concluded that the Bar is a "governmental unit" under § 101(27). In re Cillo, 159 B.R. 340, 342 (Bankr. M.D. Fla. 1993), aff'd, 165 B.R. 46 (M.D. Fla. 1994). A number of other courts have also concluded that attorney disciplinary organizations are governmental units. See, e.g., In re Wade, 948 F.2d 1122, 1123–25 (9th Cir. 1991); Betts v. Att'y Registration & Disciplinary Comm'n, 165 B.R. 870, 872–73 (N.D. Ill. 1994); In re Smith, 317 B.R. 302, 306–08 (Bankr. D. Md. 2004); In re Borowski, 216 B.R. 922, 924 (Bankr. E.D. Mich. 1998); In re Williams, 158 B.R. 488, 490–91 (Bankr. D. Idaho 1993); In re Haberman, 137 B.R. 292, 294–95 (Bankr. E.D. Wis. 1992). In the context of a lawsuit against the Bar brought under 42 U.S.C. § 1983, this Court has similarly concluded that "state action . . . clearly exist[ed]" in the Bar's denial of attorney certification. Doe v. Fla. Bar, 630 F.3d 1336, 1342 (11th Cir. 2011). Thus, while we have never held expressly that a state bar association acting in the context of attorney discipline is a governmental unit, the clear weight of persuasive authority supports that conclusion.

We find that the bankruptcy court did not err in concluding that the Bar is a governmental unit. Tobkin has presented no legal argument to the contrary, and

4

instead relies solely on the Bar's admission during discovery that it is not a "government entity."  But reliance on that admission is misplaced in part because an admission to such a legal conclusion was not proper under Federal Rule of Civil Procedure 36.  A party may not request an admission of a legal conclusion under Rule 36, but only "facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a)(1); cf. Playboy Enters., Inc. v. Welles, 60 F. Supp. 2d 1050, 1057 (S.D. Cal. 1999) ("Requests for admissions cannot be used to compel an admission of a conclusion of law.").  Additionally, Tobkin's reference to "government entity" in his request for admission did not put the Bar on notice that the request was meant to elicit an admission concerning § 523(a)(7), which refers to a "governmental unit."  The two phrases are self-evidently different.

**AFFIRMED.**