IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Ken HUR, Attorney at Law.

Supreme Court

*No. 85–0084–D. Filed October 29, 1985.*
(Also reported in 375 N.W.2d 211.)

PER CURIAM. *Attorney disciplinary proceeding; attorney publicly reprimanded.*

The referee recommended that Attorney Ken Hur be publicly reprimanded for unprofessional conduct consisting of the neglect of clients' legal matters and the failure to respond to inquiries from the Board of Attorneys Professional Responsibility concerning client griev-

ances. We determine that a public reprimand is appropriate discipline under the circumstances of this case.

Attorney Hur was admitted to practice law in Wisconsin in 1951 and practices in Madison. He has not previously been the subject of a disciplinary proceeding. The referee in this proceeding is the Honorable W. L. Jackman, Reserve Judge.

The referee concluded that Attorney Hur engaged in unprofessional conduct in connection with three matters. In the first of these, the referee found that a client, who had retained Attorney Hur in 1980 to represent her with respect to claims arising from an automobile accident, repeatedly contacted Attorney Hur to ask about the status of her claim because she was concerned about unpaid medical bills. Notwithstanding that contact, Attorney Hur did not communicate with the defendant insurer until almost one year after the accident. The referee concluded that Attorney Hur's "dilatory" handling of the client's claim and, specifically, his failure to make any significant effort from the time he was retained until the client discharged him in October, 1982 to at least determine whether litigation was necessary, constituted neglect of a legal matter, in violation of SCR 20.32(3).

In the second matter, while operating The Legal Clinic, Attorney Hur undertook the representation of a woman who claimed to have been injured in a fall in a parking lot. Ten days later Attorney Hur sold The Legal Clinic to three attorneys, one of them David Lehmann. Subsequently, in July, 1981, The Legal Clinic filed an action on behalf of the client against several defendants.

In December, 1981, one of the defendants settled the client's claim for $3,000, of which Attorney Lehmann gave the client $1,500, retained $1,000 as legal fees and deposited $500 in The Legal Clinic's trust account to pay for future expenses. Shortly thereafter Attorney Hur repossessed The Legal Clinic, and Attorney Lehmann

continued to work there and continued handling the client's file. However, several months later Attorney Lehmann terminated his relationship with The Legal Clinic and transferred the client's $500 from The Legal Clinic's trust account to his own trust account.

Then, in November of 1982, Attorney Hur received a check for $250 in settlement of the client's claim by one of the defendants who had negotiated with Attorney Lehmann. Although not familiar with the client's file, Attorney Hur sent the check and a release to the client with instructions for her to sign it. The client refused the settlement offer, discharged Attorney Hur and retained other counsel. The client's action was subsequently dismissed, and Attorney Lehmann ultimately returned the sum of $450 to the client.

When the client filed a grievance against Attorney Hur with the Board of Attorneys Professional Responsibility (Board), the Board wrote to Attorney Hur requesting a response to the grievance within 20 days. Attorney Hur failed to respond, and the Board sent a second request, to which Attorney Hur responded in writing that he refused to respond to the grievance. The Board then sent a third request for a response, and Attorney Hur replied that he had no personal knowledge of the file, and he gave no information concerning the facts on which the grievance was based, claiming he was not the attorney for the person who had filed the grievance.

From these facts the referee concluded that Attorney Hur's failure to respond to Board requests for information concerning a grievance violated SCR 22.07(2). The referee also concluded that Attorney Hur's refusal to do anything concerning the client's matter once he repossessed The Legal Clinic, including his failure to promptly return her file and funds left in trust, violated SCR 20.50(2)(d). The referee noted that the client suffered no substantial financial loss as a result of Attorney Hur's conduct.

In the third matter, Attorney Hur failed to respond to Board inquiries concerning the grievance of another client. The referee concluded that Attorney Hur thereby violated SCR 22.07 (2).

We accept the referee's findings of fact and conclusions of law, and we agree with his recommendation that Attorney Hur be publicly reprimanded for unprofessional conduct. Although the referee's report did not address the question of payment of costs of the disciplinary proceeding, we customarily assess costs against the respondent attorney when it is determined that the attorney has engaged in unprofessional conduct.

The Board filed a statement of costs amounting to $1,137.20, to which Attorney Hur filed a motion in opposition. In support of that motion, Attorney Hur filed an affidavit in which he stated that he is bankrupt, has personal tax liens from The Legal Clinic, has a home being foreclosed because of The Legal Clinic's obligations, and cannot afford to pay the costs. Attorney Hur did not contest that the costs were actually incurred or that they were reasonable in amount. In response to his objection, the Board took the position that Attorney Hur should not be absolved of the liability for the payment of costs without first documenting the statements in his affidavit with supporting financial information or materials.

We agree that Attorney Hur's unsupported statements to the effect that he cannot "afford" to pay the costs of this proceeding are not a sufficient basis on which to excuse him from their payment thereby passing on those costs to the entire bar, who annually pay Board assessments. SCR 10.03 (5).

IT IS ORDERED that Attorney Ken Hur is publicly reprimanded for unprofessional conduct.

IT IS FURTHER ORDERED that within 120 days of the date of this order Attorney Ken Hur pay to the Board of Attorneys Professional Responsibility the costs of this

disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a satisfactory showing by Attorney Hur of his inability to pay the costs within the time specified, the license of Attorney Ken Hur to practice law in Wisconsin shall be suspended until further order of the court.