## IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Peter P. WOBORIL, Jr., Attorney at Law.

Supreme Court

*No. 85–0071–D. Filed March 5, 1986.*
(Also reported in 382 N.W.2d 436.)

PER CURIAM. *Attorney disciplinary proceeding; attorney publicly reprimanded.*

The referee recommended that Attorney Peter P. Woboril, Jr. be publicly reprimanded for unprofessional conduct consisting of the neglect of an estate and testamentary trust. The referee also recommended that Attorney Woboril be required to pay the costs of this proceeding. We determine that a public reprimand is appropriate discipline for Attorney Woboril's unprofessional conduct.

Attorney Woboril was admitted to practice law in Wisconsin in 1943 and practices in Brookfield. He has not previously been the subject of a disciplinary pro-

ceeding. The referee is the Honorable William C. Sachtjen, reserve judge.

Following a hearing, the referee found that Attorney Woboril neglected the probate of an estate for which he had been retained and neglected a testamentary trust created under the will of the decedent. Attorney Woboril had drafted the will, including a testamentary trust, and he initiated probate proceedings in December, 1970. The estate consisted of approximately $100,000 in assets, and the testamentary trust provided that a bank, named corporate co-trustee, was to have sole responsibility for "the custody, collection, accounting and remittance of the principal and income" of the estate.

In February, 1972, the life beneficiary of the trust challenged several aspects of Attorney Woboril's handling of the estate. Those challenges were the subject of a court hearing in April, 1972, at the conclusion of which the court did not decide the issues but directed the parties to continue to negotiate. However, because of the differences between Attorney Woboril and the life beneficiary, those negotiations were unsuccessful, although neither party informed the court nor sought judicial resolution of the differences.

Attorney Woboril never turned over the trust assets to the corporate co-trustee, except for a $5,000 mortgage and note which had been given the decedent by the life beneficiary. Attorney Woboril, acting as co-trustee, made regular distributions to the life beneficiary, but at no time did the obtain the consent of the life beneficiary or of the residuary beneficiaries of the trust to act in the capacity of a de facto trustee, nor had he sought the approval of the probate court to do so. In addition, Attorney Woboril never funded the tes-

tamentary trust or provided regular accountings to any of the beneficiaries.

Attorney Woboril did not complete the probate of the estate until December, 1984. He testified at a deposition that he purposely kept the estate open for 13 years and intended to continue doing so until the life beneficiary either admitted he had been wrong in challenging Attorney Woboril's handling of the estate or died. The referee concluded that Attorney Woboril's conduct in this matter constituted neglect of a legal matter in violation of SCR 20.32(3).

Attorney Woboril did not appeal from the referee's findings, conclusions and recommendation for discipline, but he did file an objection to the statement of costs filed by the Board of Attorneys Professional Responsibility (Board). He contended that the Board had not furnished a detailed itemization of the costs, that various unspecified items of cost appeared to be unreasonable and excessive, and that he was financially unable to pay the costs because he is 67 years old and semi-retired from the practice of law. The costs in this proceeding totalled $3,157.11.

In his objection, Attorney Woboril stated that he is "virtually insolvent and at the present time cannot pay his financial obligations as they mature and become due and his current debts, loans, tax liabilities and other obligations exceed his liquid, contingent and other assets." In addition to requesting that the Board furnish him a copy of a detailed itemization of the costs and that the court review them to determine whether they are reasonable, Attorney Woboril asked that he be relieved of paying the costs by reason of "his present and future inability to pay the same."

In its response to the objection to costs, the Board stated that it has provided Attorney Woboril a supplemental itemization of costs assessed in this proceeding. In response to Attorney Woboril's contention that he is unable to pay the costs, the Board stated that it has no information concerning Attorney Woboril's financial condition other than the statements made in his objection.

We accept the referee's findings of fact and conclusions of law and we agree that a public reprimand is appropriate discipline for Attorney Woboril's unprofessional conduct. On the matter of costs, we determine that Attorney Woboril's unsupported statements to the effect that he cannot pay the costs of this proceeding are not a sufficient basis on which to excuse him from their payment, thereby passing on those costs to the entire bar. *Disciplinary Proceedings Against Hur,* 126 Wis. 2d 119, 122, 375 N.W.2d 211 (1985).

IT IS ORDERED that Peter P. Woboril, Jr. is publicly reprimanded for unprofessional conduct.

IT IS FURTHER ORDERED that within six months of the date of this order, Peter P. Woboril, Jr. pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a satisfactory showing by Attorney Woboril of his inability to pay the costs within the time specified, the license of Peter P. Woboril, Jr. to practice law in Wisconsin shall be suspended until further order of the court.

BABLITCH, William A., J., took no part.