490 So.2d 935 (1986)
THE FLORIDA BAR, Complainant,
v.
Steven F. JACKSON, Respondent.
No. 65432.
Supreme Court of Florida.
June 5, 1986.
Rehearing Denied July 25, 1986.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and David M. Barnovitz, Bar Counsel, Fort Lauderdale, for complainant.
Louis M. Jepeway, Jr. of Jepeway and Jepeway, Miami, for respondent.
BARKETT, Justice.
This disciplinary proceeding against Stephen F. Jackson is before us on a complaint of The Florida Bar and the report of the referee, pursuant to article V, section 15 of the Florida Constitution. Respondent has petitioned for review of the referee's findings of fact and recommendations of guilt and discipline.
This proceeding against respondent was initiated before the local grievance committee which recommended a private reprimand. The recommendation was reviewed and approved by the designated reviewer. Pursuant to the existing rule at that time, the Board of Governors had the opportunity to approve or disapprove the action of *936 the grievance committee and the designated reviewer. The Board of Governors rejected the committee's recommendation on September 23, 1983, and filed a complaint against Jackson on June 8, 1984, which was referred to a referee. We reject respondent's contention that the adoption of the amendment to Rule 11.04(6)(c) subsequent to the referral of this matter to a referee bars this Court's consideration of the referee's report.
We also reject respondent's contention on the merits. The referee found that respondent had contacted a New York attorney and requested that his clients be paid $50,000 for their testimony in a pending insurance claim case in New York. The referee further found that there were two subsequent contacts made in which respondent attempted to negotiate the original amount requested. A referee's findings will be upheld unless clearly erroneous or without support in the record. The Florida Bar v. Fields, 482 So.2d 1354 (Fla. 1986); The Florida Bar v. Hoffer, 383 So.2d 639 (Fla. 1980). The referee's findings in the instant case are clearly supported in the record before us.
We agree with the referee's conclusions that respondent's actions violated Disciplinary Rule 1-102(A)(5) of the Code of Professional Responsibility which provides that a lawyer shall not engage in conduct that is prejudicial to the administration of justice and that respondent's conduct constituted cause for discipline under article XI, Rule 11.02(3)(a) of the Integration Rule of The Florida Bar and violated the oath of admission to The Florida Bar. After considering respondent's personal history, the referee recommended a three-month suspension from the practice of law with automatic reinstatement, noting that:
[T]he very heart of the judicial system lies in the integrity of the participants... . Justice must not be bought or sold. Attorneys have a solemn responsibility to assure that not even the taint of impropriety exists as to the procurement of testimony before courts of justice. It is clear that the actions of the respondent in attempting to obtain compensation for the testimony of his clients ... violates the very essence of the integrity of the judicial system and the disciplinary rule and code of professional responsibility, the integration rules of the Florida Bar and the oath of his office.
We approve the referee's recommendation of discipline. Respondent is hereby suspended from the practice of law for three months effective thirty days from the filing of this opinion. Judgment for costs in the amount of $1203.27 is hereby entered against respondent, for which sum let execution issue.
It is so ordered.
BOYD, C.J., and ADKINS and SHAW, JJ., concur.
EHRLICH, J., concurs in part and dissents in part with an opinion, in which OVERTON, J., concurs.
McDONALD, J., concurs in part and dissents in part.
EHRLICH, Justice, concurring in part and dissenting in part.
I concur with the decision of the Court as to the guilt but dissent in the matter of discipline.
I concur wholeheartedly with the referee who said in his report:
It would appear to me that the very heart of the judicial system lies in the integrity of the participants, that is the court officers, to promote fair and just resolutions of matters before all courts, without the feat that an injustice could occur by the procurement of witnesses' testimony. Justice must not be bought or sold. Attorneys have a solemn responsibility to assure that not even the taint of impropriety exists as to the procurement of testimony before courts of justice. It is clear that the actions of the respondent in attempting to obtain compensation for the testimony of his clients, Michael Bollo and Edward Shepard, violates the very essence of the integrity of the judicial system and the disciplinary *937 rule and code of professional responsibility, the integration rules of the Florida Bar and the oath of his office.
I am of the opinion that respondent ought to be required to show rehabilitation. I would therefore suspend him, as a minimum, for three months and one day, which would require proof of rehabilitation.
OVERTON, J., concurs.