606 So.2d 1161 (1992)
THE FLORIDA BAR, Complainant,
v.
Joseph P. CILLO, Respondent.
No. 76254.
Supreme Court of Florida.
October 29, 1992.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and David R. Ristoff, Branch Staff Counsel and Joseph A. Corsmeier, Asst. Staff Counsel, Tampa, for complainant.
Hugh N. Smith of Smith & Fuller, P.A., Tampa, and Lori Anne Brown of Rumberger, Kirk & Caldwell, P.A., Miami, for respondent.
PER CURIAM.
This is a disciplinary proceeding involving a Florida lawyer, Joseph P. Cillo, for conduct principally occurring in the states of California and Texas. While finding that there was misconduct, the referee also found that substantial portions of the complaint were not established by the Bar and that one major complaint was actually false and instituted only for the purpose of obtaining money from Cillo. The referee recommended a public reprimand and the Bar seeks review, suggesting that the appropriate discipline is disbarment. We have jurisdiction. Art. V, § 15, Fla. Const. We approve the referee's findings of fact but conclude that the discipline should be increased to a six-month suspension.
The referee found that Cillo was guilty of the unauthorized practice of law in Texas in two separate incidents and the unauthorized practice of law in California. The referee also found that Cillo had used cocaine in California from 1983 to 1985. However, the referee noted that there had been no commercial involvement.
The referee found that Cillo was not guilty of misconduct concerning three other allegations. The most significant allegation concerned the claim that Cillo had improperly paid money to a former client, Clifford Jones, as an inducement for Jones to dismiss his complaint with the Bar. Jones had filed a complaint with the Bar alleging that he had paid Cillo $10,000 to represent him in a federal criminal case in California and that Cillo had failed to fulfill this commitment. The referee made express findings that "Jones did not pay the Respondent $10,000 to represent him" and that "Jones' bar complaint against the Respondent was, in the first place, unjustified and without merit." With regard to Cillo's *1162 conduct concerning this incident, the referee found that Cillo "did, in fact, induce Jones to sign both statements by payment of money to him and/or accompanied by the prospect of a job opportunity." The referee stated that "the two statements given by Jones which were procured by [Cillo] speak the truth and that [Jones'] Bar complaint was false." The referee, in finding no misconduct in this incident, stated:
Clearly to induce a witness to testify falsely would be misconduct and more but this is not the issue here. The factual scenario, as I have found it, raised this question. Is it misconduct to induce a witness to tell the truth by offering and giving money or some other valuable consideration?
I think not... .
In recommending a public reprimand as the appropriate discipline, the referee found no aggravating factors. However, the referee found several mitigating factors. Relative to Cillo's use of cocaine, the referee found Cillo's cooperation, open admission of his use of cocaine, his remorse, and the fact that Cillo has not used cocaine since 1985 as mitigating factors. With regard to the unauthorized practice of law, the referee found the following mitigating factors: (1) that there was no continuous unauthorized practice of law; (2) that Cillo's actions were isolated acts of unauthorized practice; (3) that there were no serious efforts by Cillo to hold himself out as an attorney in these other states; (4) that no harm was done to anyone as a result of these matters; and (5) that the services were rendered to friends and to friends of friends.
Our most serious concern relates to Cillo's attempts to induce Jones to tell the truth regarding the validity of Jones' complaint. This presents a significant policy question for this Court. There is no question that the complainant, Clifford Jones, lied in making the claim that Cillo received $10,000 to represent him in a criminal proceeding. It is clear from the record that Jones was attempting to use our disciplinary process to obtain money from Cillo. The record reflects that Jones succeeded to a limited extent in extracting money from Cillo. It is also clear from the record that: (1) Cillo induced Jones to sign the two statements by paying him a total of $1,250; (2) the statements so made were true; and (3) as concluded by the referee, Jones' bar complaint against the respondent was "unjustified and without merit." The referee questioned whether or not it is "misconduct to induce a witness to tell the truth by offering and giving money or some other valuable consideration." The referee answered the question in the negative and found no misconduct in this regard. We agree with the referee that there is no rule or case law governing this situation and, consequently, no discipline may be imposed.
We are concerned, however, that the payment of compensation other than costs to a witness can adversely affect the credibility and fact-finding function of the disciplinary process. We are also concerned with the use of the Bar's disciplinary process for the purpose of extortion. While we do not believe that Cillo's conduct was a violation of the Rules of Professional Responsibility, we do believe that a rule should be developed to make clear that any compensation paid to a claimant or an adverse witness is improper unless the fact-finding body has knowledge and has approved any such compensation.
Given the referee's findings, we reject the Bar's petition that Cillo be disbarred. We do find, however, that the penalty should be increased from a public reprimand to a six-month suspension for his unauthorized practice of law and use of cocaine. Accordingly, Joseph P. Cillo is suspended from the practice of law for six months, effective immediately. However, in order to protect the interests of existing clients, Cillo is allowed a period of thirty days from the date of this order in which to wind up the affairs of clients, the representation of whom had commenced prior to the *1163 date of this order. Respondent is hereby prohibited from accepting any new clients and new business. Judgment for costs is hereby entered against Joseph P. Cillo in the amount of $8,132.74, for which sum let execution issue.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, GRIMES, KOGAN and HARDING, JJ., concur.
SHAW, J., concurs in result only.