635 So.2d 938 (1994)
THE FLORIDA BAR, Complainant,
v.
Manuel A. MACHIN, Respondent.
No. 79369.
Supreme Court of Florida.
April 21, 1994.
*939 John F. Harkness, Jr., Executive Director, and John T. Berry, Staff Counsel, Tallahassee, and Susan V. Bloemendaal, Asst. Staff Counsel, Tampa, for complainant.
Donald A. Smith, Jr. of Smith and Tozian, P.A., Tampa, for respondent.
PER CURIAM.
Both The Florida Bar and the respondent seek review of the referee's report in this attorney-disciplinary action. We have jurisdiction[1] and adopt the referee's recommendations as to guilt and discipline.
The Bar filed a two count complaint against the respondent, Manuel A. Machin. We accept the referee's recommendation that Machin be found not guilty of the violations alleged in count I of the complaint. Thus, we are concerned here only with the allegations contained in count II.
In count II, the Bar alleges violation of the following Rules Regulating The Florida Bar: 3-4.3 (the commission by a lawyer of any act that is unlawful or contrary to honesty and justice); 4-3.4(f) (a lawyer shall not request a person other than a client to refrain from voluntarily giving relevant information to another party); and 4-8.4(d) (a lawyer shall not engage in conduct that is prejudicial to the administration of justice). The alleged violations occurred during Machin's representation of Nelson Gonzalez.
Gonzalez had been charged with the first-degree murder of Samuel Sierra and the kidnapping of Sierra's girlfriend, Susan Schultz. At the time of the murder, Ms. Schultz was pregnant with Sierra's child. As part of a plea agreement, Gonzalez pled guilty to second-degree murder. At various times prior to the sentencing hearing, Machin offered, on behalf of his client, to set up a trust fund for Ms. Schultz's child in amounts up to $30,000. The trust fund would be set up for the child only if Ms. Schultz and Sierra's family did not speak in aggravation at Gonzalez's sentencing hearing. Machin feared that if the victim's family spoke in aggravation, the sentencing judge would impose a more severe sentence or reject the plea agreement entirely. It appears the offer was disclosed to the State Attorney's office, the sheriff's office, and the victim's assistance representative. It also appears that the sentencing judge was made aware of the terms of the trust offer. The victim's family rejected the offer, instead choosing to testify in aggravation. After hearing from the victim's family, the sentencing judge imposed the maximum sentence that could have been imposed without rejecting the plea agreement.
The referee found only that portion of rule 3-4.3 relating to conduct prejudicial to the administration of justice and rule 4-8.4(d), which expressly prohibits such conduct, had been violated. In connection with these ethical violations, the referee recommends that Machin be suspended from the practice of law for ninety days.
The Bar seeks review of the recommended discipline and asks that Machin be suspended from the practice of law for six months. Machin challenges the referee's finding of guilt and the recommended ninety-day suspension. He takes the position that the Bar failed to prove his actions were prejudicial to the administration of justice. In the alternative, he argues that if the Court accepts the referee's finding of guilt, an admonishment is an adequate sanction.
We adopt the referee's finding of guilt and agree that "[a] lawyer who tries to buy a victim's silence at sentencing prejudices the administration of justice." The fact that the sentencing proceedings do not appear to have been affected by Machin's unsuccessful attempt to buy silence does not preclude a finding of guilt. If a showing that a particular judicial proceeding was affected by an attorney's conduct were required in a case such as this, a violation of rule 4-8.4(d) would hinge on the actions of third parties. While conduct that actually affects a given proceeding *940 may be prejudicial to the administration of justice, conduct that prejudices our system of justice as a whole also is encompassed by rule 4-8.4(d). This conclusion is supported by the Standards for Imposing Lawyer Sanctions, which makes clear that harm to our legal system is a concern the rules were designed to address. See, e.g., Introduction, Standards for Imposing Lawyer Sanctions ("injury" includes harm to the legal system).
The fact that the victim's family refused the trust offer may be considered in determining the extent of the harm caused by Machin's misconduct, when considering the sanction that should be imposed. See Standards for Imposing Lawyer Sanctions 3.0(c) & 6.1 (both potential and actual injury caused by conduct that is prejudicial to the administration of justice should be considered in imposing sanction). However, Machin cannot use the victim's family's refusal to accept his proposal as a shield from responsibility for his actions. It is the mere attempt to influence the sentencing determination by buying the silence of the victim's family that prejudices the administration of justice. It is not necessary that the attempt be successful because each time such an attempt is made, confidence in the legal system is lost.
As noted by the referee, the fair and proper administration of justice requires that the rich and the poor receive equal treatment before the court. A wealthy defendant cannot be allowed to buy silence and thereby gain a chance at a lesser sentence than that received by one unable to pay for silence. This is so because when "justice" can be bought by the highest bidder, there is no justice. An attorney's involvement in the transaction only serves to accentuate the prejudicial effect on the system. When one charged with the special responsibility of upholding the quality of justice attempts to buy a more favorable sentence for a criminal defendant, doubt is cast on our entire system of justice.
Machin's conduct in this case is so obviously prejudicial to the administration of justice, we find it hard to believe that he claims ignorance of the impropriety of the trust offer simply because he was unable to find authority addressing the precise situation with which he was confronted. We take this opportunity to emphasize that when an attorney recognizes a certain course of conduct may have ethical implications, the fact that there is no precedent directly on point should not be considered authorization to engage in the questionable activity. As Machin notes, the Preamble to the Rules of Professional Conduct recognizes ethical problems may arise from conflicts between a lawyer's responsibility to a client and the lawyer's special obligations to society and the legal system. However, the Preamble goes on to provide:
The Rules of Professional Conduct prescribe terms for resolving such conflicts. Within the framework of these rules many difficult issues of professional discretion can arise. Such issues must be resolved through the exercise of sensitive professional and moral judgment guided by the basic principles underlying the rules.
When confronted with possible ethical conflicts, it is the lawyer's obligation to look to the rules of professional conduct and discipline for guidance. While it always may not be clear that a specific course of conduct is proscribed by the rules, an attorney must use sound judgment in applying these ethical standards to a given set of facts.[2] Machin's judgment clearly was lacking in this instance.
We agree with the Bar that Machin is guilty of serious misconduct. However, we believe the ninety-day suspension recommended by the referee is sufficient. Machin has no prior disciplinary record. He has a reputation for zealously representing his clients and for making many worthwhile contributions to his family, his church, and his community.
Moreover, there is evidence that Machin disclosed the trust offer to the State Attorney's office, the sentencing judge, and others in the legal community; but no one except the victim's mother objected to or questioned *941 the propriety of the offer. There also is testimony that payment of money, unrelated to restitution or fines, in criminal cases is not unheard of in the legal community in which Machin practices. The approval or acquiescence of others and the alleged occurrence of similar unethical conduct does not absolve Machin of responsibility for his actions. However, we agree with the referee that these factors must be considered in mitigation because they tend to explain why Machin may not have fully comprehended the impropriety of the trust offer. Under the circumstances, we feel certain a ninety-day suspension is an adequate sanction to punish Machin's breach of ethics, to encourage his rehabilitation, and to discourage others from engaging in similar misconduct. The Florida Bar v. Pahules, 233 So.2d 130, 132 (Fla. 1970).
Accordingly, Manuel A. Machin is suspended from the practice of law for a period of ninety days. The suspension shall be effective thirty days from the filing of this opinion, thus giving Machin time to close out his practice and protect the interests of his clients. Machin shall accept no new business from the date of this opinion. If Machin notifies this Court in writing that he is no longer practicing law and therefore does not need the thirty days to close out his practice, this Court will enter an order making the suspension effective immediately. Judgment is entered against Machin for costs in the amount of $2,701.39, for which sum let execution issue.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] Art. V, § 15, Fla. Const.
[2] An attorney with concerns about contemplated professional conduct also may request an ethics opinion from The Florida Bar. See Rule Regulating The Florida Bar 2-9.4; Florida Bar Procedures for Ruling on Questions of Ethics.