# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF JONATHAN CALLISTER, BAR NO. 8011.

No. 70901

FILED

JUL 25 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER OF SUSPENSION

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's findings of fact, conclusions of law, and recommendation that attorney Jonathan Callister be publicly reprimanded for violations of RPC 3.4(b) (fairness to opposing party and counsel: offer of an inducement to a witness that is prohibited by law) and RPC 8.4(d) (misconduct prejudicial to the administration of justice). The panel unanimously determined that Callister violated RPC 3.4(b) and 8.4(d) but divided 2-1 on whether public reprimand constituted sufficient discipline or suspension was appropriate. No briefs have been filed and this matter stands submitted for decision based on the record. SCR 105(3)(b).

The State Bar has the burden of showing by clear and convincing evidence that Callister committed the violations charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). We employ a deferential standard of review with respect to the hearing panel's findings of fact, SCR 105(3)(b), and will not set them aside unless they are clearly erroneous or not supported by substantial evidence, *see generally Sowers v. Forest Hills Subdivision*, 129 Nev. 99, 105, 294 P.3d 427, 432 (2013); *Ogawa v. Ogawa*, 125 Nev. 660, 668, 221 P.3d 699, 704 (2009). In contrast, we review de novo a disciplinary panel's conclusions of law and recommended discipline. SCR 105(3)(b).

17-24680

This disciplinary proceeding grows out of a letter and follow-up email that Callister sent D.E., who witnessed a will Callister's client disputed. In them, Callister offers D.E. $7,000 "[i]n exchange for your honest testimony . . . that you never witnessed the Decedent signing a will." The letter runs several pages and threatens D.E. with personal liability and "the legal implications of perjury" if D.E. does not disavow the will. Callister sent the same letter, but not the follow-up email, to another third party who also had witnessed the will.

It is unethical for a lawyer to offer money to a fact witness contingent on the content of the witness's testimony. RPC 3.4(b). A lawyer also may not threaten a witness with criminal prosecution for refusing to testify as the lawyer directs. *See* RPC 8.4(d). These are fundamental, baseline rules, on which the adversary system, and the public's faith in its integrity, depend. Model Rules of Prof'l Conduct R. 3.4(b) & cmt. 1 (Am. Bar Ass'n 2016) (stating that "[t]he procedure of the adversary system contemplates that the evidence in a case is to be marshalled competitively by the contending parties" and that "[f]air competition in the adversary system is secured by prohibitions against destruction or concealment of evidence, improperly influencing witnesses, . . . and the like"); *see also W. Cab Co. v. Kellar*, 90 Nev. 240, 244, 523 P.2d 842, 845 (1974) ("A contract to pay a witness for testifying coupled with the condition that the right of the witness to compensation depends upon the result of the suit in which his testimony is to be used, is contrary to public policy and void for the reason that it is the tendency of such a contract to lead to perjury and the perversion of justice.").

The hearing panel unanimously found that Callister's communications with D.E. violated RPC 3.4(b) (fairness to opposing party and counsel: offer of an inducement to a witness that is prohibited by law)

SUPREME COURT
OF
NEVADA

(O) 1947A

2

because his threat to accuse the witness of perjury if he did not execute an affidavit violated NRS 205.320 (extortion) and was thus an inducement prohibited by law. The panel found that this same act violated RPC 8.4(d) (misconduct prejudicial to the administration of justice). We defer to the hearing panel's findings of facts in this matter as they are supported by substantial evidence and are not clearly erroneous. Based on those findings, we agree with the panel's conclusions that the State Bar established by clear and convincing evidence that Callister violated RPC 3.4(b) and RPC 8.4(d).

In determining whether the panel's recommended discipline is appropriate, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008). Two of the three members of the panel voted to impose the lightest sanction available—public reprimand—based on their finding that Callister "acted negligently." *See* Annotated Standards for Imposing Lawyer Sanctions xvii (Am. Bar Ass'n 2015) (in determining discipline, courts should ask, among other things, "Did the lawyer act intentionally, knowingly, or negligently?"); *see also* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standards 6.31(a) & 6.32 (Am. Bar Ass'n 2015) (recommending disbarment for intentional witness tampering and suspension if a lawyer knowingly engages in improper communication with a witness). The third member of the panel concluded Callister's conduct was intentional and merited a 30- to 60-day suspension.

The record does not support that Callister's conduct was merely negligent. His communications with D.E. were deliberate, not a

casual comment in a courthouse elevator that an unnoticed witness accidentally overheard. The undisputed evidence shows that: (1) Callister wrote and sent a letter to a third-party fact witness, offering $7,000 if the witness would testify that the will he had witnessed was a fake; (2) he threatened the witness with civil litigation and criminal exposure if he did not testify as Callister wanted; and (3) a month later, Callister resent the letter as a .pdf to an email address and reiterated his cash offer, at the witness's request. From the letter and email it appears that Callister intended to do exactly what he did. If Callister was negligent, it was in not recognizing that his conduct violated the Rules of Professional Conduct until after the fact. But ignorance or mistake of law does not transform an intentional act—improperly influencing, or attempting to influence, fact witness testimony—into negligence.[1]

Callister defended his conduct before the Disciplinary Board on the bases the will was forged, he needed D.E. to disavow the will to prove his case, and the testimony he solicited was truthful. But "lawyers cannot condition fact witnesses' compensation on the content, substance, or perceived usefulness of their testimony." Douglas R. Richmond, *Compensating Fact Witnesses: The Price Is Sometimes Right*, 42 Hofstra L. Rev. 905, 911 (2014). It is black-letter law that, "[a] lawyer may not offer or pay to a witness any consideration . . . contingent on the content of the witness's testimony," Restatement (Third) of the Law Governing Lawyers § 117(2) (Am. Law Inst. 2000), whether the bargained-for testimony is

---

[1]The panel's holding that Callister "acted negligently" also does not square with its finding that Callister's conduct violated NRS 205.320, which makes extortion a category B felony and requires specific intent for conviction.

"truthful or not." *HomeDirect, Inc. v. H.E.P. Direct, Inc.*, No. 10 C 812, 2013 WL 1815979, at *4 (N.D. Ill. Apr. 29, 2013). Such payments, or offers of payment, even if they do "not constitute outright bribery . . . violate the spirit of the law and cast into doubt the integrity of the proceedings." *OptimisCorp v. Waite*, C.A. No. 8773-VCP, 2015 WL 5147038, at *15 (Del. Ch. August 26, 2015) (quotation omitted).[2]

We have, then, an intentional (or at least knowing) act that violated Rules 3.4(b) and 8.4(d) of the Nevada Rules of Professional Conduct. Our research has revealed only one published opinion limiting the sanction for such misconduct to public reprimand. *Comm. on Legal Ethics of the W. Va. State Bar v. Sheatsley*, 452 S.E.2d 75, 80 (W. Va. 1994). Other reported decisions have imposed sanctions ranging from a 35-day suspension to disbarment, depending on prejudice and case-specific mitigating and aggravating factors. *See Iowa Supreme Court Att'y Disciplinary Bd. v. Gailey*, 790 N.W.2d 801, 805-06 (Iowa 2010) (rejecting recommended 30-day suspension and ordering 60-day suspension for offering money to a witness "as an inducement for her to testify in a certain way"); *The Florida Bar v. Wohl*, 842 So.2d 811, 816 (Fla. 2003) (rejecting recommended reprimand, imposing 90 day suspension, and stating that "[o]ffering financial inducements to a fact witness is extremely serious misconduct"); *In re Smith*, 848 P.2d 612, 614 (Or. 1993)

---

[2]That the letter and email offer compensation contingent on the content of the testimony take this case outside the debate over whether a lawyer can pay a fact witness for his time, beyond a statutory witness fee and travel expense. *See OptimisCorp*, at *15 (while authorities have split over whether fact witnesses can be compensated for their time, "such payments *cannot* be compensation for the *content* of their testimony" under any circumstances).

(lawyer suspended for 35 days for having letter delivered to IME doctor threatening to sue the doctor if his opinion disfavored the claimant; citing lack of prior disciplinary history, cooperation, and disciplinary proceeding delay as mitigating factors); *In re Disciplinary Proceedings Against Simmons*, 757 P.2d 519, 522-23 (Wash. 1988) (lawyer disbarred for giving alcoholic witness two bottles of whiskey the day before he was to testify; of note, lawyer had a previous disbarment on his record); *In re Hingle*, 717 So. 2d 636, 638 (La. 1998) (disbarring lawyer criminally convicted of bribing a witness). For a general discussion see Annotated Standards for Imposing Lawyer Sanctions, *supra*, xvii; *see also* Standards for Imposing Lawyer Sanctions, Standards 6.3, 6.31(a) & 6.32.

When apprised of Callister's dealings with D.E., the judge presiding over the will contest excluded D.E.'s testimony, disqualified Callister, and reported the matter to the State Bar. This cost Callister's client his lawyer of choice and protracted the proceeding, adding legal complications and needless expense. It also imposed systemic costs, fostering public cynicism of a system where fact witness testimony appears to be bought and sold. To his credit, Callister revoked the offer to D.E. after talking to his partner about the ethical problems it posed, before any money changed hands. This prevented further harm but did not reverse the prejudice his misconduct caused.

The appropriate sanction depends on the seriousness of the offense and case-specific aggravating and mitigating factors. Despite the seriousness of the offense, considerable mitigation exists: Callister has no prior disciplinary offenses, eventually revoked his improper communications, and enjoys an otherwise good reputation. Nonetheless, the seriousness of the offense, the prejudice it caused, and the fact it was deliberate make public reprimand insufficient. For this reason, we

suspend Callister from the practice of law for a period of 35 days and require six hours of Continuing Legal Education (CLE) on the Nevada or Model Rules of Professional Conduct to be completed during the suspension period.

We therefore accept the panel's findings that Callister violated RPC 3.4(b) and 8.4(d), but decline to impose a public reprimand. Instead, we order Callister suspended from the practice of law for 35 days, his readmission to be conditioned on his completing six hours of CLE on the Nevada or Model Rules of Professional Conduct during the suspension period.

It is so ORDERED.

_____, C.J.
Cherry

_____, J.          _____, J.
Douglas                                              Gibbons

_____, J.          _____, J.
Pickering                                            Hardesty

_____, J.          _____, J.
Parraguirre                                        Stiglich

cc:     Chair, Southern Nevada Disciplinary Board
        Lambrose Brown, PLLC
        C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
        Kimberly K. Farmer, Executive Director, State Bar of Nevada
        Perry Thompson, Admissions Office, U.S. Supreme Court